

ORDERED in the Southern District of Florida on May 30, 2013.

A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:
FELIZ GONZALEZ

                              Case No.: 13-15294-AJC
                              Chapter: 13

       Debtors
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY SPACE COAST CREDIT UNION, DE #22**

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held Space Coast Credit Union,* (Docket Entry #22; the "Motion"). Based upon the Debtor's assertions made in support of the Motion, having no objection heard, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of Debtors' real property (the "Real Property") located at 2745 W. 62 Place, Unit 203, Hialeah, Florida 33016, more particularly described as:

**Legal Description: Unit 12, Building 22, Residential El Prado Condominium According to the Declaration of Condominium thereof, as recorded in Official Book 12777 at Page 1816, of the Public Records of Miami-Dade County, Florida**

    is $69,000.00 at the time of filing of this case.

B.     The total of all claims secured by liens on the Real Property senior to the lien of *Space Coast Credit Union* (the "Lender") is $0.00.

C.     The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $69,000.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.     The motion is **GRANTED.**

2.     Lender has an allowed secured claim of $69,000.00.

3.     Because Lender's secured interest in the Real Property is $69,000.00, Lender's mortgage recorded on October 3, 2005, in book 23831 on pages 0200-209 (10 pages) in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.     Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely file. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph two (2) above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5.     The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.     Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.