

**ORDERED in the Southern District of Florida on August 19, 2013.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:                                          Case No. 13-15294-AJC
                                                    Chapter 13

FELIX GONZALEZ,

                 Debtor.

_____/

### AGREED ORDER GRANTING DEBTORS' MOTION TO VALUE
### AND DETERMINE SECURED STATUS OF LIEN (DE#30)

      **THIS CASE** is scheduled to come before the court for Final Evidentiary Hearing on August 19, 2013 at 2:00PM, on Debtors' Motion to Value and Determine Secured Status of Lien on Real Property [d.e. #30], however, the parties have agreed to the entry of this Order, and the Court being otherwise more fully advised in the premises, it is:

      **ORDERED:**

      1.      Debtors' Motion to Value and Determine Secured Status of Lien on Real Property is granted.

      2.      The real property that is the subject of the Motion is located at 1698 W 55 Place, Hialeah, FL 33012, legally described as:

      **ALL THAT CERTAIN CONDOMINIUM UNIT SITUATE IN THE COUNTY OF MIAMI-DADE, STATE OF FLORIDA, BEING**

**CONDOMINIUM UNIT 1003, OF VILLA 56 SOUTH CONDOMINIUM, ACCORDING TO THE DECLARATION THEREOF, RECORDED IN OR BOOK 10279 PAGE 322 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

by virtue of a mortgage recorded in the Public Records of Miami-Dade County, FL in Book 23207 at Page 2277.

3.      Secured Creditor has an allowed secured claim in the amount of $93,000.00, which shall bear interest at the rate of 5.25% for 120 months. Debtor will provide for payment through the plan during the first 60 months for Trustee Disbursements, repayment will extend an additional 60 months beyond the Chapter 13 plan. The current monthly principal and interest payment is $997.81.

4.      Prior to the filing of the Bankruptcy Case, Secured Creditor maintained an Escrow Account for Taxes and/or Insurance as well as Mortgage Insurance, the loan will remain escrowed during repayment of the claim and beyond the bankruptcy. The monthly payments are subject to change in accordance with adjustable Tax assessments and Insurance premiums.

4.      Secured Creditor filed a Proof of Claim #8 in this case. The Proof of Claim shall be classified as a secured claim in the amount of $93,000.00, provided in paragraph 3 above, and the balance of $28,326.34 will be a general unsecured amount, regardless of the original classification in the Proof of Claim.

5.      The subject property may not be sold or refinanced without proper notice and further order of the Court.

6.      Should the Debtor fail to complete his Chapter 13 Plan and receive a discharge under 11 U.S.C. §1328(a), should the above-styled case be dismissed, converted or relief be otherwise obtained, then the lien shall remain in full force and effect and this Order shall have no preclusive effect as to the value of the subject property.

7.      This Order is not recordable or enforceable until Debtor completes the payments over the term of 120 months in compliance with this Order.  Upon termination of the terms of this order, the mortgage shall be deemed void and shall be extinguished automatically without further order of the court.

                                                                                            ###

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

**Atorney for the debtor is directed to serve a copy of this Order on all parties in interest immediately upon receipt hereof and to file a certificate of service.**